UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID ALLEN YOUNG,

    Plaintiff,

v.                                        Case No.  8:08-CV-2334-T-30TGW

HERNANDO COUNTY SHERIFF'S
DEPT., et al.,

    Defendants.
_____/

## ORDER

Plaintiff is a prisoner confined at Sumter Correctional Institution, Bushnell, Florida. He initiated this action by filing, *pro se*, a civil rights complaint ("complaint") pursuant to 42 U.S.C. § 1983 (Dkt. 1).  On November 26, 2008, the Court dismissed Plaintiff's complaint without prejudice to Plaintiff's filing an amended complaint (Dkt. 3).  Plaintiff has filed and amended civil rights complaint ("amended complaint") (Dkt. 4).

In his amended complaint, Plaintiff names the Hernando County Sheriff's Department, and Bryan Faulkingham, a deputy sheriff with the Hernando County Sheriff's Department, as defendants in this action (Dkt. 4 at 4).  Because Plaintiff is seeking redress from a governmental entity and employee, the Court has undertaken the mandatory screening of his amended complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

The procedure required by § 1915A is, by its terms, a screening process to be applied sua sponte.

The Court finds, for reasons set forth infra, that the complaint should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## Discussion

**Plaintiff's allegations and claims**

Plaintiff alleges that Deputy Faulkingham failed to obtain prompt medical attention and treatment for Plaintiff even though he had blood coming out of his eye and had informed Deputy Faulkingham that he had lost consciousness after he was beaten. Plaintiff attached to his amended complaint several pictures of the injuries he allegedly sustained on the date of the incident which reveal that Plaintiff sustained bruises on his left eye and face, and cuts and bruises on several other parts of his body (Dkt. 4 at 9-10). Plaintiff asserts that when he asked Deputy Faulkingham for treatment for his injuries, Deputy Faulkingham told him that

"the only place your [sic] going is to jail" (Id. at 6-7).  Plaintiff next asserts that after he arrived at the jail, Deputy Faulkingham still did not obtain medical care for him, but instead "filled out paperwork" and further interrogated him (Id. at 7).  Plaintiff alleges that Deputy Faulkingham had no medical training, and therefore he should have had him examined "by a trained professional." (Id.).  Plaintiff also asserts that prompt treatment could have eased his pain and suffering, and that Deputy Faulkingham "put him at great risk of serious complications." (Id.).

Plaintiff also claims that the Hernando County Sheriff's Department "accept[ed] [Deputy Faulkingham's] actions" because Plaintiff "filed a complaint with internal affairs and was told the Deputy had not violated their policies." (Id.).

Plaintiff alleges that Defendants violated his Fourteenth Amendment right "to prompt evaluation and treatment of injuries at the scene of arrest by a licensed person, paramedic, or doctor because officer is not trained for medical evaluation of the serious extent of said injuries." (Id. at 6).

For relief, Plaintiff seeks damages, apologies from the Hernando County Sheriff's Department and Deputy Faulkingham, and for Deputy Faulkingham to be punished or retrained (Id. at 8).

**Analysis**

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a

less stringent standard than pleadings drafted by attorneys"). A Plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also, Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

**Claims against Defendant Hillsborough County Sheriff's Department**

Plaintiff has failed to state a basis for liability as to the Hillsborough County Sheriff's Department, as Plaintiff apparently seeks to hold it liable on a respondeat superior theory of liability. It is well established that supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id*. (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in

deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); *Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability. *Wayne*, 197 F.3d at 1106. Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." *Tittle v. Jefferson County Com'n*, 10 F.3d 1535, 1542 (11th Cir. 1994).

Plaintiff does not allege the existence of a custom or policy of the Hillsborough County Sheriff's Department regarding medical treatment. He merely alleges that an internal investigation of the matter revealed that Deputy Faulkingham did not violate any policy. Accordingly, Plaintiff fails to state a claim against the Hillsborough County Sheriff's Department.

**Plaintiff's claims against Deputy Faulkingham**

Plaintiff essentially claims that Deputy Faulkingham violated the Fourteenth Amendment by acting with deliberate indifference to his serious medical condition when he failed to promptly have Plaintiff's injuries evaluated by a medical professional. To prevail on a Fourteenth Amendment claim, a plaintiff "must satisfy both an objective and a subjective inquiry. First, [he] must prove an objectively serious medical need. Second, [he] must prove that the [government] official acted with deliberate indifference to that need.'" *Andujar v. Rodriguez*, 486 F.3d 1199, 1203 (11th Cir. 2007)(citations omitted). An

5

objectively serious medical need is "one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quotations omitted). "The seriousness of an inmate's medical needs also may be decided by reference to the effect of delay in treatment." *Hill v. Dekalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)(quotation and citations omitted), *overruled on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002).

Plaintiff's amended complaint does not allege facts showing that he had an objectively serious medical need. Although he alleges that he told Deputy Faulkingham that he was beaten and lost consciousness, and that he had multiple cuts and abrasions and blood coming from his eye, he does not allege that he was ever seen by a doctor or other medical professional for his injuries.[1] Furthermore, he only alleges that his injuries put him at "great *risk* of serious complications." (Dkt. 4 at 7)(emphasis added). He does not allege that he ever received treatment for his injuries or that he suffered any ill or lasting effects as a result of sustaining the injuries.

An official acts with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening condition or an urgent medical condition that would be exacerbated by delay. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (citing *Lancaster v. Monroe County, Alabama*, 116 F.3d 1419, 1425 (11th Cir. 1997). Plaintiff does not allege facts showing that he had

---

[1] Although in his amended complaint Plaintiff does not allege the date on which he sustained his injuries, the Court takes judicial notice of Plaintiff's original complaint in which Plaintiff alleged that the incident took place on November 24, 2004 (Dkt. 1 at 8).

an urgent medical condition that would be exacerbated by delay. Although he had visible bleeding and bruising, he does not allege that he ever received or needed medical treatment for his injuries, and he fails to articulate any physical injury or consequence as a result of the alleged delay in medical treatment. *See, Hill*, 40 F.3d at 1187-88 ("[D]elay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute an Eighth Amendment violation.").

Morever, "[t]he tolerable length of delay in providing medical attention depends on the *nature* of the medical need and the *reason* for the delay." *Hill*, 40 F.3d at 1188 (emphasis in original) (quoting *Harris v. Coweta County*, 21 F.3d 388, 393-94 (11th Cir. 1994)). Again, the amended complaint does not allege facts showing that Plaintiff had an urgent medical condition that would be exacerbated by delay. Likewise, the amended complaint essentially asserts that medical treatment was delayed by Deputy Faulkingham only while Plaintiff was transported to the jail, and while Deputy Faulkingham "filled out paperwork" at the jail and "interrogated" Plaintiff (Dkt. 4 at 6-7). The delay in providing medical attention to Plaintiff for his non-urgent medical condition while Plaintiff was transported to jail and subsequently questioned by Deputy Faulkingham at the jail was constitutionally tolerable under the circumstances. Accordingly, Plaintiff fails to state a claim for deliberate indifference to a serious medical need.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's amended complaint is **DISMISSED** for failure to state a claim for which relief can be granted (Dkt. 4).

    2.       The Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 8, 2009.

                                                   JAMES S. MOODY, JR.
                                                   UNITED STATES DISTRICT JUDGE

SA: sfc
<u>Copy furnished to</u>:
*Pro Se* Plaintiff